IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIFA MUHAMMAD,

    Plaintiff,                    No. CIV S-02-0006 LKK CMK P

    vs.

SAN JOAQUIN COUNTY JAIL, et al.,

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner without counsel proceeding in forma pauperis in an action against San Joaquin County Jail and jail personnel for civil rights violations. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is defendants' motion for summary judgment. (Doc. 47.)

**I.    Background**

        Plaintiff was incarcerated at the San Joaquin County Jail at all times relevant to his complaint. Plaintiff is a practicing Muslim, and in keeping with his Islamic faith, observes Ramadan. Plaintiff's religious dietary laws mandate that, during Ramadan, he fast during the day. In keeping with his religious faith, plaintiff requested a bagged meal during Ramadan–this allowed him to avoid eating during the day and to eat after sundown. Plaintiff states that Jail officials ignored his requests for special meals, and, when the Jail did provide bagged meals, only

1

did so for a few Muslim inmates for a "couple of days." Plaintiff also states that Jail officials refused to provide Friday services for Muslims.[1] He alleges that these actions violated his First Amendment Rights, his Fourteenth Amendment Due Process Rights and constituted cruel and unusual punishment in violation of the Eighth Amendment. Defendants move for summary judgment.

## II.    Standard of Review

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

---

[1] Plaintiff's complaint also alleges that guard Desoto interrupted plaintiff while he was praying. However, plaintiff's claims against defendant Desoto were dismissed on September 29, 2004. (Doc. 26.)

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On August 1, 2003, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

**III.   Discussion**

Inmates have the right to be provided with food sufficient to sustain them in good heath that satisfies the dietary laws of their religion.  See McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987).  Inmates also must be given a "reasonable opportunity" to pursue their faith comparable to that afforded fellow prisoners who adhere to conventional religious precepts.  See Cruz v. Beto, 405 U.S. 319, 322 (1972).

In order to establish that the right to a special religious diet has been violated, a plaintiff must prove that prison officials refused to provide a diet which satisfies his religious dietary laws, or alternatively, that the available prison menu prevented him from adhering to the religious dietary laws mandated by his faith.  See Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir. 1995).  An inmate must also show that the prison's interference with his religious dietary laws rose above mere inconvenience--the burden posed by the available prison diet on the inmate's religion must be substantial and in direct conflict with a tenet that is central to religious doctrine. See id. If an inmate makes this initial showing, the burden shifts to the defendants to prove that denial of the religious diet (1) "is in furtherance of a compelling government interest" and (2) is the least restrictive means of furthering that interest. Id. (quoting 42 U.S.C. § 200bb-1(b)).

In order to show that the opportunity to pursue a religious faith has been violated, a plaintiff must prove that a governmental action "burdens the adherents practice of his...religion

by ...preventing him...from engaging in conduct or having a religious experience which the faith mandates. Id. This burden must be substantial and an interference with a tenant or belief that is central to religious doctrine. See id.; Graham v. C.I.R., 822 F.2d 844, 850-51 (9th Cir. 1987).

In support of their motion for summary judgment, defendants present evidence affidavits and accompanying evidence which establish that plaintiff's religious rights were not burdened. Specifically, defendants submit evidence which shows that, after plaintiff submitted a written request for special dietary needs during Ramadan, he was offered a nighttime meal after 7:00 p.m. of either a sack meal or a hot tray. (Def.'s Mot. Summ. J., Decl. of Kristen Hamilton.) The evidence submitted by defendants shows that breakfast was served to inmates at the County jail at 5:00 a.m. (Def.'s Mot. Summ. J. Decl. of Christopher Serpa.) Defendants also submit evidence that plaintiff never requested that a Muslim spiritual leader visit the County jail while plaintiff was housed there and that a copy of the Koran is available at all times to inmates. (Def.'s Mot. Summ. J., Decl. of Kristen Hamilton.)

Plaintiff has responded to defendants' motion by filing an assortment of documents.[2] None of plaintiff's responsive documents set forth any evidence which creates a material, disputed fact as to his claims against the defendants. In order to withstand defendants' motion for summary judgment, plaintiff must, "go beyond the pleadings, and by [his] own affidavits or by 'depositions, answers to interrogatories, or admissions on file' designate specific facts showing that there is a genuine issue for trial.'" See Celotex Corp., 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). Plaintiff's responsive pleadings fail to mention defendants' alleged failure

---

[2] These documents were not properly served on defendants, which the court noted in an order filed on September 22, 2005. In its order, the court failed to order that plaintiff's documents be disregarded. On October 27, 2005, defendants filed an objection to the assorted documents that plaintiff filed in response to their motion, which urges the court to disregard plaintiff's statement of undisputed facts because plaintiff failed to comply with the local rules. The defendants are correct that plaintiff's submissions fail to comply with the Local Rules; however, this court will nonetheless overrule defendants evidentiary objections and consider the documents plaintiff filed in response to defendants' motion.

1  to provide him with a Muslim spiritual leader.   Plaintiff's conclusory allegations in his
2  responsive pleadings that breakfast was served during daylight and that he was denied bagged
3  meals after a couple of days will not do.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988)
4  (conclusory allegations not sufficient to defeat motion for summary judgment). Plaintiff must
5  produce some "significant probative evidence tending to support the [claims]," Barnett v.
6  Centoni, 31 F.3d 813, 815 (9th Cir.1994) (internal citation and quotation marks omitted), but he
7  does not.   The undersigned finds that plaintiff has failed to establish specific facts which show
8  that there is a genuine issue for trial and recommends that defendants' motion for summary
9  judgment be granted.
10           Because the undersigned finds that plaintiff has failed to establish this his religious
11 rights were burdened by the available County jail diet, it is not necessary to consider defendants'
12 arguments regarding qualified immunity and municipal liability.
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

## IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. Plaintiff's claims against defendant County, defendant Dunn and defendant Hamilton be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 19, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE